**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION**

| | |
|---|---|
| **In re:**<br><br>**KAREN LANDSCAPING, INC.**<br><br>**Debtor** | **Case No. 23-11194-PMB**<br>**Chapter 11 (Subchapter V)**<br>**Judge Paul M. Baisier** |

**TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S RESPONSE IN OPPOSITION TO DEBTOR'S OBJECTION TO CLAIM**

Creditor **TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ("Travelers")**, by its undersigned counsel, hereby opposes Debtor **KAREN LANDSCAPING, INC.'s ("Debtor")** Notice of Objection to Claim (Doc. 58), showing the Court as follows:

**PROCEDURAL AND FACTUAL HISTORY**

1. On June 29, 2023, Travelers filed a complaint in the State Court of Carroll County, Georgia, against Debtor to recover $485,296.00 in earned premium, plus costs and interest, for two assigned-risk workers compensation insurance policies issued to Debtor in 2020 and 2021 (the "State Court Action"). (Doc. 35, pp. 8-55.)

2. During discovery in the State Court Action, Debtor filed a voluntary petition for relief under chapter 11 (subchapter V) of title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of Georgia, Newnan Division, on September 27, 2023 ("Petition"). (Doc 1.)

3. In the Petition, Debtor listed Travelers as a creditor with an unsecured claim of $485,296.00 (the "Claim"), which mirrors the principal amount Travelers sought to recover in the State Court Action. (Doc. 1, p. 5.)

4. Subsequently, Travelers timely filed its Proof of Claim on October 2, 2023, which was docketed as Claim 1 (one) in the Claims Register (the "Proof of Claim").

5. In the Proof of Claim, Travelers specified the amount of the claim as $551,096.82, inclusive of interest and other charges, and the basis thereof as "Complaint on Workers Compensation." (Claim 1-1, p. 2.)

6. Debtor then removed the State Court Action to the United States Bankruptcy Court for the Northern District of Georgia, Newnan Division, as an adversary proceeding on October 17, 2023, where it was assigned to Judge Baisier as case number 23-01017-PMB and where it is currently pending (the "Adversary Proceeding" or "AP").

7. As part of its Notice of Removal, Debtor attached Travelers' complaint and the exhibits in the State Court Action to the notice. (AP, Doc. 1, pp. 8-55.) Debtor also inserted the Notice of Removal and its exhibits in this chapter 11 action as well. (Doc. 35.)

8. Travelers specifically alleged in the complaint that the interest it sought to recover was calculated at the statutory rate of 7% per annum per O.C.G.A. § 7-4-2(a)(1)(A). (Doc. 35, p. 9.) Travelers further attached a Statement of Account to the complaint that supported the principal amount claimed. (*Id.*, p. 10.)

9. Debtor responded to Travelers' Proof of Claim by filing an objection on November 22, 2023 to request that this Court "disallow[] the Claim in its entirety and expung[e] it from the claims register in this case." (Doc. 58.)

10. The sole basis of Debtor's objection is the fact that Travelers did not attach the complaint to its Proof of Claim or include an itemization of the interest owed to date. Debtor claims that, by failing to attach those items, Travelers did not comply with Federal Rule of Bankruptcy Procedure 3001(c)(1) and (c)(2)(A) such that the claim should be disallowed. (Doc. 58, ¶¶ 9-12.)

11. As explained below, Debtor has provided no substantive basis on which the Proof of Claim should be disallowed under 11 U.S.C. § 502. Rather, it is well-settled law – both in this district and nationally – that a claim is <u>not</u> disallowed simply because supporting documentation was not attached pursuant to procedural rules. Even then, Travelers was not required to comply with Rule 3001(c)(2)(A)'s itemization requirement as it applies only in cases involving *individual* debtors, not *corporations* like Debtor. For these reasons, the Court should overrule Debtor's objection.

12. Despite the absence of merit to Debtor's objection, Travelers has in an abundance of caution additionally sought leave of court to file an amended proof of claim that cures these issues by attaching the underlying complaint and the exhibits as well as an interest calculation. For that additional reason, the Court should overrule Debtor's objection.

## **ARGUMENT AND CITATION TO AUTHORITY**

13. Debtor has asked this Court to disallow Travelers' claim for the sole reason that no supporting documentation was attached to the Proof of Claim pursuant to Rule 3001(c)(1) and (c)(2)(A).

14. In the main, Rule 3001(c)(1) provides that "a copy of the writing" upon which a claim is based "shall be filed with the proof of claim"; and Rule 3001(c)(2)(A) includes the additional requirement applicable *only* "[i]n a case in which the debtor is an *individual*" that "an

itemized statement of the interest, fees, expenses, or charges shall be filed with the proof of claim." (emphasis added).

15. To dispose of Debtor's objection, this Court need look no further than Judge Bonapfel's comprehensive decision in *In re Shank*, 315 B.R. 799 (Bankr. N.D. Ga. 2004).

16. In *Shank*, three of the nine creditors did not attach any documents to their proofs of claim and the remaining six included a summary of the amount due without an itemization of the charges. 315 B.R. at 809. Like Debtor Karen Landscaping here, Shank objected to the proofs of claim for the sole reason that the failure to attach documents violated Rule 3001(c). *Id.* at 810.

17. Judge Bonapfel unequivocally rejected that contention as at odds with 11 U.S.C. § 502 and "common sense." *Id.* at 812. Judge Bonapfel first noted that 11 U.S.C. § 502 governs the claims allowance process, not the procedural rules, which provides that a claim "is deemed allowed" *unless* one of the limited grounds for disallowance is established. 11 U.S.C. § 502(a), (b). Judge Bonapfel explained that Rule 3001(c) is not one of the statutory grounds for disallowance such that an objection cannot be upheld for noncompliance with the procedural rule. *Shank*, 315 B.R. at 812 ("None of these provisions requires the attachment of documentation to a proof of claim or disallowance in its absence.") Other courts have confirmed that this position is "well settled" law. *In re MacFarland*, 462 B.R. 857, 881 (Bankr. S.D. Fla. 2011) ("[T]he law is well settled that failure to attach supporting documentation as required by a rule of procedure is not grounds for disallowance of a claim [because] § 502(b) supplies the exclusive basis for claim disallowance."); *see also In re Heath*, 331 B.R. 424, 437-38 (B.A.P. 9th Cir. 2005) (concluding that noncompliance with Rule 3001 is "not a sufficient objection recognized by Section 502"); *In re Campbell*, 336 B.R. 430, 436 (B.A.P. 9th Cir. 2005) ("Objections without substance are inadequate to disallow claims, even if those claims lack the documentation required by Rule

3001(c).") Indeed, "[t]he statute's provisions cannot be enlarged or reduced by the Rules." *Heath*, 331 B.R. at 435.

18.  This holding is further congruent with "the fundamental purpose of the claims allowance process … to provide a fair and inexpensive procedure for the proper determination of claims **_on the merits_**." *Shank*, 315 B.R. at 814 (emphasis added).

19.  Based on that purpose, Judge Bonapfel further rejected the suggestion that the creditor was required to amend the Proof of Claim to add documentation as "an invitation to abuse and more litigation." *Id.* at 813. The rationale is that "requiring creditors to attach documentation in response to an objection that identifies no other potential grounds for disallowance or reduction of a claim is that it serves no purpose. If there is no **substantive** objection to the claim, the creditor should not be required to provide any further documentation of it." *Id.* (emphasis added).

20.  The concern is with the likely litigation over the adequacy of the supplemental documents that would ensue if amendment was required. In that event, "the focus of the claims litigation, at least in its initial stages, becomes compliance with a technical pleading requirement, not the proper amount, if any, due on the merits." *Id.* at 814. Judge Bonapfel admonished that "[p]roceeding in such a manner is not the way to fairly and justly administer a bankruptcy system or to efficiently and economically resolve disputes over allowance of claims." *Id.*; *see also* Rule 1001 ("These rules shall be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every case and proceeding.")

21.  Here, Debtor Karen Landscaping has presented nothing more than the same procedural objection that was rejected in *Shank*, i.e., that Travelers did not comply with Rule 3001(c) by attaching documents. This Court should likewise reject that objection as having no merit whatsoever based on the exclusive list of reasons for claim disallowance provided in 11

U.S.C. § 502(b) as well as the purpose of the claims allowance process for claims to be heard on the merits.

22. All the more so here, where it is no secret that Travelers' claim is based on the complaint and the policy and other documents attached in support. Indeed, Travelers specifically referenced the complaint in the Proof of Claim as the basis for its claim. (Claim 1-1, p. 2.) Debtor is, of course, well aware that the complaint forms the basis of Travelers' claim for numerous other reasons, such as that Debtor itself inserted the complaint into the record as part of the removal process and is represented by the same counsel in both the Adversary Proceeding and this Chapter 11 filing. Additionally, Travelers has sought leave to amend the proof of claim to cure these perceived defects. No harm therefore could have resulted from Travelers not including those documents with the Proof of Claim.

23. Even beyond these fundamental flaws with the objection, Travelers is not required to comply with Rule 3001(c)(2)(A) in any event because the rule does not apply here where the debtor is a corporate entity and not an "individual."

24. For these reasons, Debtor's objection is entirely without basis and should be overruled.

## **CONCLUSION**

25. For these reasons, the Court should overrule Debtor's objection to the claim.

|  |  |
|---|---|
| Dated:  December 21, 2023 | */s/ Jessica C. Samford*<br>Jessica C. Samford<br>Georgia Bar No. 231518<br>jsamford@fmglaw.com<br>Brian Goldberg<br>Georgia Bar No. 128007<br>brian.goldberg@fmglaw.com<br>Lee D. Whatling<br>Georgia Bar No. 689717<br>lwhatling@fmglaw.com<br>*Counsel for Creditor Travelers Property Casualty Company of America* |

**FREEMAN MATHIS & GARY, LLP**
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948
Telephone: (770) 818-0000

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| **In re:**<br><br>**KAREN LANDSCAPING, INC.**<br><br>**Debtor** | **Case No. 23-11194-PMB**<br>**Chapter 11 (Subchapter V)**<br>**Judge Paul M. Baisier** |

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provide electronic service to the Subchapter V Trustee, counsel for the Debtor, the Office of the United States Trustee, and all other parties entitled to receive electronic notice in this case.

This 21st day of December 2023.

                                                */s/ Jessica C. Samford*
                                                Jessica C. Samford
                                                Georgia Bar No. 231518
                                                jsamford@fmglaw.com
                                                *Counsel for Creditor Travelers Property*
                                                *Casualty Company of America*

**FREEMAN MATHIS & GARY, LLP**
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948
Telephone: (770) 818-0000